IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT N. JOHNSON,

        Plaintiff,                  2:11-cv-00473-KJM-KJN

        v.

AHMAD J. AFZALI,
individually and d/b/a PRESTIGE TIRE
& MOTOR WORKS, INC.;
THOMAS P. DUDAM,

        Defendants.           <u>ORDER</u>

_____/

        On September 29, 2011, this case came before the undersigned for a status (pretrial scheduling) conference.[1] In a minute order following that status conference, the undersigned ordered plaintiff Scott N. Johnson to:

> On or before October 13, 2011 . . . file a signed Stipulation to Amend the Complaint, or, alternatively, a Motion for Leave to File an Amended Complaint. Should plaintiff file a Motion for Leave to File an Amended Complaint, plaintiff must include a declaration explaining his efforts to obtain defendants's signatures on a

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1), and was referred to the undersigned by an order entered June 29, 2011. (Dkt. No. 10.)

1

> stipulation regarding such amended pleading, as well as providing an update on defendant [Thomas P.] Dudam's status should plaintiff become aware of it.

(Dkt. No. 16.) A review of the court's electronic docket reflects that plaintiff has not filed anything in connection with this action since September 22, 2011. Therefore, plaintiff has failed to comply with the court's order at Docket Number 16. Plaintiff has not requested additional time to comply with that order.

Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."). Case law is in accord that a district court may impose sanctions, *including involuntary dismissal of a plaintiff's case* pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure

1  41(b), the district court may dismiss an action for failure to comply with any order of the court.");
2  Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam)
3  (stating that district courts have inherent power to control their dockets and may impose sanctions
4  including dismissal).

5        Accordingly, IT IS HEREBY ORDERED THAT:

6        Plaintiff shall have until October 27, 2011, to comply with the order at Docket
7  Number 16.  Should plaintiff fail to timely comply with that order even after having received an
8  additional two weeks to do so, plaintiff may be subject to sanctions, including potential dismissal
9  of his case.

10        IT IS SO ORDERED.

11  DATED:  October 21, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE