IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT N. JOHNSON,

      Plaintiff,                       2:11-cv-00473-KJM-KJN PS

   v.

AHMAD J. AFZALI,
individually and d/b/a PRESTIGE TIRE
& MOTOR WORKS, INC.;
THOMAS P. DUDAM,

      Defendants.                ORDER TO SHOW CAUSE

_____/

      On September 29, 2011, this case came before the undersigned for a status (pretrial scheduling) conference. Based upon plaintiff's representations during that status conference and the statement filed in connection therewith (Dkt. No. 14), in a minute order (Dkt. No. 16) following the status conference, the undersigned ordered plaintiff Scott N. Johnson ("plaintiff") to:

> On or before October 13, 2011 . . . file a signed Stipulation to Amend the Complaint, or, alternatively, a Motion for Leave to File an Amended Complaint. Should plaintiff file a Motion for Leave to File an Amended Complaint, plaintiff must include a declaration explaining his efforts to obtain defendants's signatures on a stipulation regarding such amended pleading, as well as providing an update on defendant [Thomas P.] Dudam's status should plaintiff become aware of it.

1

(Dkt. No. 16.)

When plaintiff had not filed anything in connection with this action by the October 13, 2011 deadline, the undersigned issued another order informing plaintiff that his failure to file an amended pleading put him in violation of the court's order at Docket Number 16, and gave plaintiff an additional two weeks to file an amended complaint. (Dkt No. 17.)

On October 25, 2011, plaintiff filed a document styled as a Motion to Amend the Complaint.[1] (Dkt. No. 18.) Because that motion did not comply with Eastern District Local Rule 137(c), however, on November 15, 2011, the undersigned denied plaintiff's motion without prejudice to refiling and vacated the motion's hearing date. (Dkt. No. 19.)

It has now been approximately one month since the undersigned denied plaintiff's Motion to Amend the Complaint without prejudice to refiling. (Id.) A review of the court's electronic docket to date reflects that plaintiff has not re-filed a Motion to Amend the Complaint. Accordingly, plaintiff remains in violation of the undersigned's prior orders at Docket Numbers 16 and 17.

Plaintiff's failures to comply with the undersigned's orders regarding the filing of an amended pleading unnecessarily delays this action. Plaintiff has already been notified that failures to timely comply with the undersigned's orders may subject him to sanctions, including potential dismissal of his case. (Dkt. No. 17 at 3.) As the court's prior order informed plaintiff, Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."[2] (Id.)

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1), and was referred to the undersigned by an order entered June 29, 2011. (Dkt. No. 10.)

[2] The court's prior order (Dkt. No. 17) also informed plaintiff that, Eastern District Local Rule 183(a) provides, in part:

Accordingly, IT IS HEREBY ORDERED THAT:

1. *On or before December 29, 2011,* plaintiff is ordered to show cause in writing why he: (1) has not filed a procedurally proper Motion to Amend the Complaint in this action to date, (2) remains in violation of the undersigned's orders at Docket Numbers 16 and 17, and (3) should not be monetarily sanctioned or be otherwise sanctioned for violating the undersigned's orders.  E. Dist. Local Rule 110.

2. Also, to enable the necessary scheduling of this matter, on or before *December 29, 2011,* plaintiff is ordered to either file a procedurally proper Motion to Amend the Complaint in compliance with the undersigned's orders at Docket Numbers 16 and 17 and the court's local rules, or, alternatively, to file a short declaration clarifying that plaintiff no longer intends to file an amended pleading and that there is no reason to further delay the scheduling of this matter for trial.

---

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.  All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona.  Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").  Case law is in accord that a district court may impose sanctions, *including involuntary dismissal of a plaintiff's case* pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules.  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal).

       3.      Plaintiff's failure to timely comply with this order may result in sanctions, which may include dismissal of plaintiff's case.

IT IS SO ORDERED.

DATED: December 12, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE